**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA J. BALLENGER, et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>AGCO CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 06-2271 CW<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND CASE AND FOR PAYMENT OF FEES AND COSTS |

    Plaintiffs Mara J. Ballenger, individually and on behalf of the Estate of John M. Ballenger, James M. Ballenger and Charles J. Ballenger move to remand this action to state court. Defendant Todd Shipyards Corporation opposes this motion and requests that, if the Court is inclined to grant Plaintiffs' motion, the Court certify its order for interlocutory appeal. The motion was heard on June 21, 2007. Having considered all of the papers filed by the

parties and oral argument, the Court denies Plaintiffs' motion to remand.

## BACKGROUND

John M. Ballenger died of mesothelioma in 2005. Before his death, he and his wife filed suit for asbestos personal injury and loss of consortium in San Francisco County Superior Court. Todd Shipyards was named as a defendant in that action. After it threatened to remove the action, however, Mr. and Mrs. Ballenger dismissed without prejudice the claims against Todd Shipyards. Plaintiffs explain that Mr. Ballenger's health was rapidly declining and they could not risk the delay that would have been caused by removal; Mr. Ballenger died shortly thereafter.

After his death, Plaintiffs filed an amended complaint, seeking damages for asbestos-caused wrongful death and loss of consortium and reviving the claims against Defendant Todd Shipyards. Plaintiffs bring negligence and strict liability causes of action against "Asbestos Defendants," which includes Defendant Todd Shipyards. The complaint alleges that Mr. Ballenger's terminal mesothelioma stemmed, in part, from his occupational exposure to asbestos-containing products while working on premises owned or operated by Defendant Todd Shipyards.[1]

According to the complaint, Defendant Todd Shipyards' employees and contractors negligently exposed Mr. Ballenger to

---

[1] Although the complaint does not identify any particular vessel on which Mr. Ballenger worked, Plaintiffs state that, during a major overhaul at Todd Shipyards in San Pedro, California, Mr. Ballenger was exposed to asbestos while serving as a Naval officer on the USS Tappahannock.

airborne asbestos fibers by working with asbestos-containing materials in his presence and then failed to warn him of the hazardous condition. The complaint states that Defendant Todd Shipyards' duty to warn Mr. Ballenger was independent of any potential role the U.S. Navy might have played in specifying the use of asbestos-containing materials on Navy ships and cites <u>Westbrook v. Asbestos Defendants</u>, 2001 U.S. Dist. LEXIS 11575 (N.D. Cal.).[2]

The complaint further states:

> The Federal Courts lack jurisdiction over this action and removal is therefore improper. There is incomplete diversity of citizenship due to the presence of a California ASBESTOS DEFENDANT. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed. This includes any claim arising from an act on a Federal Enclave as defined by Article I, section 8, clause 17 of the United States Constitution. This also includes any claim arising from any act or omission of the United States, any agency thereof, any officer of the United States, or a claim against any other person or entity that is based on an act that was performed under specific direction of the United States, any agency thereof or any Officer of the United States. No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency.

First Amended Complaint, ¶ 8.

On March 30, 2006, Defendant Todd Shipyard filed its notice of removal, contending that removal is proper pursuant to 28 U.S.C. section 1442(a)(1). Plaintiffs filed a motion to remand. Before the Court ruled on Plaintiffs' motion, the Judicial Panel on Multidistrict Litigation (MDL Panel) ordered this case transferred

---

[2] In <u>Westbrook</u>, the court remanded an action that was improperly removed to federal court under the federal officer removal statute and awarded the plaintiffs the amount they incurred in attorneys' fees bringing the motion to remand. There, unlike here, the plaintiffs disclaimed, in writing, any claims arising out of work done on U.S. Navy vessels.

3

to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings. The Eastern District of Pennsylvania court severed all claims for punitive damages and advised the MDL Panel that coordinated or consolidated pretrial proceedings with respect to the remaining claims had been completed. After the MDL panel conditionally remanded all claims in this case, except for the severed punitive damages claims, to this Court, Plaintiffs re-noticed their motion to remand.

DISCUSSION

I. Remand

Defendant Todd Shipyards argues that it properly removed this action under the federal officer removal statute, which provides that an action may be removed by "any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." 28 U.S.C. § 1442(a)(1).[3]

Generally, removal statutes are to be strictly construed; any doubt as to the right to remove should resolved in favor of remanding to state court. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). But that is not the case concerning the federal officer removal statute. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that, because it

---

[3]Specifically, § 1442(a)(1) provides:
A civil or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

4

is important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441).  The Ninth Circuit instructs that there is a "clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." Id. (noting that the Supreme Court has "insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)'" (quoting Arizona v. Manypenny, 451 U.S. 232, 242 (1981))).

As the Supreme Court explained in Jefferson County v. Acker, 527 U.S. 423 (1999),

> It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit.  To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal.  Suits against federal officers are exceptional in this regard.  Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint.

527 U.S. at 430-31 (citations omitted).

Thus, the fact that Plaintiffs' complaint expressly disavows any federal claims is not determinative.  Rather, removal is proper under the federal officer removal statute if the moving party: (1) demonstrates that it acted under the direction of a federal officer; (2) raises a colorable federal defense to the plaintiff's claims; and (3) demonstrates a causal nexus between the plaintiff's claims and the defendant's acts performed under color of federal

5

office. Mesa v. California, 489 U.S. 121, 124-25, 134-35 (1989); Fung v. Abex Corp., 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).[4]

A. Acts under the direction of a federal officer

To show that it was acting under the direction of a federal officer, Defendant Todd Shipyards must show that a federal officer had "direct and detailed control" over it. Fung, 816 F. Supp. at 572. If it "establishes 'only that the relevant acts occurred under the general auspices of a federal officer,' such as being a participant in a regulated industry," it is not entitled to remove under section 1442(a)(1). Id. (quoting Ryan v. Dow Chemical Co., 781 F. Supp. 934, 947 (E.D.N.Y. 1992)).

Defendant Todd Shipyards contends that it acted under the direction of U.S. Navy officers and provides declarations supporting this contention. According to a retired U.S. Navy Admiral, at the time that Mr. Ballenger was on the USS Tappahannock, all private contractors, such as Defendant Todd Shipyards, performed their work pursuant to precise requirements imposed by the Navy and under the Navy's detailed supervision; "the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships, including the USS Tappahannock" and did not permit deviations from its contractors. Horne Dec., ¶ 15. Among the requirements the Navy imposed on private contractors was that they use asbestos-containing materials in the maintenance and

---

[4] In addition, the removing party must qualify as a "person" for purposes of 28 U.S.C. section 1441(a). As a corporation, Defendant Todd Shipyards meets this preliminary requirement. See Fung, 816 F. Supp. at 572.

repair of Naval vessels.  Admiral Roger B. Horne states that, in his opinion, "no private contractor could have affixed a written warning anywhere aboard an active duty Naval warship, advising the risk of asbestos exposure, following the completion of Navy-mandated repairs, except by permission of the United States Navy." Id.

Defendant Todd Shipyards notes that its acts here are similar to the defendant's acts in Fung.  There, the court concluded that the "acting under" requirement was satisfied where the defendant established that the U.S. Navy monitored its "performance at all times and required the defendant to construct and repair the vessels in accordance with applicable and approved specifications incorporated in the contracts.  In addition, all contract supplies were subject to inspection, test, and approval by the government." Fung, 816 F. Supp. at 572-73.

Plaintiffs argue that, because Defendant Todd Shipyards has not produced any actual contractual documentation of the work it allegedly performed on behalf of U.S. Navy officers, it has not shown that it acted under the direction of federal officers.  This argument is not persuasive.  Defendant Todd Shipyards is not required to produce contracts from decades past in order to demonstrate that it worked under the direction of federal officers; to require such documentation would frustrate the purpose of section 1442(a)(1).  See Durham, 445 F.3d at 1252.  Admiral Horne's declaration suffices.

7

1    Plaintiffs further argue that, even accepting Admiral Horne's
2 declaration as true, his declaration only proves that the
3 government required Defendant Todd Shipyards to use asbestos
4 products, not that Defendant Todd Shipyards was under the direct
5 control of the Navy with respect to failure to warn and negligent
6 use of asbestos.  Plaintiffs, however, concede that Admiral Horne
7 concluded that the Navy directed every aspect of installation and
8 warnings associated with its ships.  They contend that neither
9 Admiral Horne's declaration, nor any other declaration Defendant
10 Todd Shipyards submitted, establishes that the Navy directed the
11 exact manner in which Defendant Todd Shipyards' workers and its
12 subcontractors performed their work with asbestos products, nor
13 that the government affirmatively prohibited contractors, including
14 Defendant Todd Shipyards, from providing warning.  This contention
15 is not persuasive.  Just as Defendant Todd Shipyards is not
16 required to produce contracts from decades past, it is not required
17 to produce such detailed declarations concerning whether the Navy
18 directed the exact manner of installation and affirmatively
19 prohibited any kind of warning in order to demonstrate that it
20 worked under the direction of federal officers; such requirement
21 would frustrate the purpose of section 1442(a)(1).  See Durham, 445
22 F.3d at 1252.  Horne's declaration is sufficient to establish that
23 a federal officer had "direct and detailed control" over Defendant
24 Todd Shipyards.
25    B.  Colorable Federal Defense
26    To meet the second prong of the Mesa test, Defendant Todd
27 Shipyards must show that it has a colorable federal defense; it
28                                  8

need not prove that its defense will be meritorious.  Mesa, 489 U.S. at 128; Fung, 816 F. Supp. at 573.  As the Supreme Court explained in Willingham v. Morgan, 395 U.S. 402, 407 (1969), "The officer need not win his case before he can have it removed."

Under Boyle v. United Technologies, Corp., 487 U.S. 500 (1988), liability for design defects in military equipments cannot be imposed on contracts, "pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."  487 U.S. at 512.  In their motion, Plaintiffs argue that Defendant Todd Shipyards fails to produce any evidence necessary to show that it is entitled to the government contractor defense.  In their reply, however, Plaintiffs do not argue that Defendant Todd Shipyards does not have a colorable government contractor defense; rather, they argue that the Court need not address this issue because Defendant Todd Shipyards fails to satisfy the first and third prongs of the Mesa test.  The Court, however, finds that Defendant Todd Shipyards satisfies the first prong, as discussed above, and the third prong, as discussed below.  Further, the Court finds that Defendant Todd Shipyards has a colorable federal defense.

C.  Causal Nexus

The final prong requires that a defendant demonstrate a causal nexus between the claims against it and the acts it performed under

9

color of federal office. See Overly v. Raybestos-Manhattan, 1996 WL 532150, *4 (N.D. Cal.) (noting that the final requirement under the Mesa test is that there be a causal connection "between the rules imposed by the United States on the defendant contractor by the federal government and the liability asserted by plaintiff"). Defendant Todd Shipyards argues that this prong is satisfied because, as discussed above, it has produced evidence attesting to the regulations imposed by the U.S. Navy on the repair of its vessels, including the USS Tappahannock. These regulations required that Defendant Todd Shipyards use asbestos products. The Navy directed, inspected and supervised work on its vessels to ensure that contractors, such as Defendant Todd Shipyards, adhered to its requirements.

Plaintiff responds that there is no causal nexus, arguing that Defendant Todd Shipyards only establishes that federal officers directed it to use asbestos and that its claims are not limited to mere use of asbestos: the same argument the Court rejected above. The Court finds that Defendant Todd Shipyards also satisfies the causal nexus requirement.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to remand this case and their request for attorneys' fees and costs incurred in bringing their motion to remand. Removal was proper under the federal officer removal statute. Defendant Todd Shipyards' request to certify this motion for interlocutory appeal

10

1 | is denied as moot.⁵

2 | IT IS SO ORDERED.

3 | 6/22/07

4 | Dated: _____  

CLAUDIA WILKEN
United States District Judge

---

⁵Both parties submitted objections to other parties' evidence. To the extent that the Court relied upon evidence to which there is an objection, the parties' objections are overruled. To the extent that the Court did not rely on such evidence, the parties' objections are overruled as moot. The Court has not relied on any inadmissible evidence in deciding this motion.

11